## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH DAVISSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-6441** |
| **BANK OF NEW YORK MELLON** | **SECTION "H"(5)** |

## ORDER AND REASONS

Before the Court is Defendant's Motion for Judgment on the Pleadings (R. Doc. 31). For the following reasons, the Motion is DENIED.

## BACKGROUND

On November 28, 2006, Plaintiff Joseph Davisson purchased property and executed a promissory note in the amount of $840,000.  Defendant, The Bank of New York Mellon, became the holder of the note, and the parties entered into a mortgage.  The mortgage contained three relevant provisions: (1) a provision requiring Plaintiff to maintain wind and hail insurance on the property, (2) a

1

provision requiring Plaintiff to promptly give Defendant proof of paid premiums and renewal notices on all insurance policies, and (3) a provision allowing Defendant to obtain insurance coverage at Plaintiff's expense if he failed to maintain the required coverage.

In February of 2010, Plaintiff received notice from Defendant that he must provide Defendant with proof of insurance coverage for wind and hail by April 1, 2010, or Defendant would force-place insurance on the property.[1]    In his Complaint, Plaintiff alleges that his insurance agent provided Defendant with valid proof of continuous insurance coverage "within the deadline."  To support this claim, Plaintiff attached an undated letter from his insurance agent establishing continuous coverage.

At some point after the deadline to prove coverage, Defendant force-placed insurance on Plaintiff's property, causing a $19,329.75 negative balance in Plaintiff's escrow account.   This deficiency caused Defendant to return Plaintiff's timely monthly mortgage payments.  In November of 2010, Defendant corrected its mistake and demanded immediate payment of the amounts that had been erroneously returned to Plaintiff.  Plaintiff was unable to make his account current, and Defendant foreclosed on his home.

Plaintiff brings claims against Defendant for breach of contract and negligence, alleging that Defendant mishandled his escrow account by improperly force-placing insurance and ultimately causing foreclosure on his

---

[1] In Plaintiff's Complaint, he alleges that Defendant required proof by April 1, 2012. R. Doc. 30, at p. 3. However, in his Opposition, Plaintiff correctly cites the Letter from Bank of America Home Loans to Davisson dated February 11, 2010, R. Doc. 2–3, as giving Plaintiff an April 1, 2010 deadline.  R. Doc. 34, at p. 2.

home.[2]   After answering, Defendant filed this instant Motion, claiming that Plaintiff's First Amended Complaint fails to state a claim for breach of contract or negligence.

## LEGAL STANDARD

Rule 12(c) provides that a party may move for judgment on the pleadings, after pleadings are closed but early enough not to delay trial.[3]   The standard for determining a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss.[4]   To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[5]   A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[6]   A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[7]   The court need not, however, accept as true legal conclusions couched as factual allegations.[8]   To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[9]   The complaint must contain enough factual

---

[2] R. Doc. 30, at pp. 2–4.

[3] Fed.R.Civ.P. 12(c) (2014).

[4] *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir.2007).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[6] *Id*.

[7] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

[8] *Iqbal*, 556 U.S. at 678.

[9] *Id*.

allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[10]  If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[11]

In considering a motion to dismiss for failure to state a claim, a court considers only the contents of the pleadings, including their attachments.[12]  In addition, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."[13]  Accordingly, in deciding this Motion, this Court considers the exhibits attached to both the Complaint and Answer, namely the letter from Plaintiff's insurance agent and the mortgage contract.[14]

## LAW AND ANALYSIS

In its Motion, Defendant asserts that Plaintiff's First Amended Complaint does not establish a claim for breach of contract or negligence.   The Court will address each of these claims in turn.

---

[10] *Lormand*, 565 F.3d at 255–57.

[11] *Jones v. Bock,* 549 U.S. 199, 215 (2007).

[12] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[13] *Muttathottil v. Gordon H. Mansfield*, 381 F. App'x 454, 456–57 (5th Cir. 2010) (quoting *Collins,* 224 F.3d at 498–99).

[14] *See Illinois Cent. Gulf R.R. v. Pargas, Inc.*, 526 F. Supp. 209, 211 (M.D. La. 1981) ("As noted, Union raises this issue by means of a motion for judgment on the pleadings under Rule 12(c). Since Union has attached a copy of the contract to its answer and since Pargas concedes the correctness of the copy, the Court may consider the contract, as a part of the pleadings.").

### A. Breach of Contract

Under Louisiana law, the essential elements of a breach of contract claim are (1) the obligor's undertaking of an obligation to perform, (2) the obligor's failure to perform the obligation, and (3) damages caused by the failure to perform.[15] Accepting all of Plaintiff's allegations as true, as this Court must on a 12(c) motion, it is clear that Plaintiff's Complaint establishes a breach of contract claim.

In his Complaint, Plaintiff asserts that Defendant force-placed insurance on his property despite having received timely notice that the property had been continuously covered with the required insurance. Under the terms of the mortgage contract, Defendant was only entitled to force-place insurance if Plaintiff "fail[ed] to maintain any of the coverages" described in the mortgage contract. Thus, the act of force-placing insurance when Plaintiff had complied with the insurance requirements of the mortgage contract constitutes a breach of contract. Plaintiff attached to his Complaint a letter from his insurance agent establishing that he had continuous coverage. His Complaint likewise asserts that Defendant received notice of such within the time it had specified. Accordingly, he has properly established a claim for breach of contract.

Defendant asserts two unsuccessful arguments in its Motion. First, it alleges that it did not breach the mortgage contract because it force-placed insurance on Plaintiff's property only after Plaintiff failed to provide timely proof of insurance. Whether Plaintiff provided timely proof of insurance is a material

---

[15] *Favrot v. Favrot*, 68 So. 3d 1099, 1108–09 (La. Ct. App. 4 Cir. 2011).

fact upon which the parties disagree.  "It is elementary that a motion for judgment on the pleadings may not be granted unless it is clearly established that no material issue of fact remains to be resolved and that the mover is entitled to judgment as a matter of law."[16]

Second, Defendant's Motion cites several unhelpful cases in an effort to establish that it did not owe Plaintiff a contractual duty.  In each of those cases, the plaintiff complained that the mortgage holder did not obtain insurance on the plaintiff's behalf.  Here, Plaintiff complains the opposite: that Defendant improperly obtained wind and hail insurance on his behalf despite the fact that he timely provided proof of coverage.  This distinction is important because, under the terms of the mortgage contract at issue, Defendant was not permitted to force-place insurance when Plaintiff had already obtained the appropriate coverage.

This Court is not alone in its view on this issue.  In *Hutcherson v. JPMorgan Case Bank, N.A.*, the United States District Court for the Southern District of Mississippi held the same in a factually similar case.[17]  In that case, a plaintiff–borrower asserted that a defendant–lender improperly force-placed insurance coverage on her property.  The plaintiff–borrower alleged that she had already obtained the insurance and provided the requisite notice to the defendant–lender, as required by the contract between the parties.  In deciding a 12(b)(6) motion to dismiss, the court stated:

---

[16] *Illinois Cent. Gulf R.R. v. Pargas, Inc.*, 526 F. Supp. 209, 211 (M.D. La. 1981).

[17] *Hutcherson v. JPMorgan Chase Bank, N.A.*, No. 2:11-CV-154-KS-MTP, 2012 WL 37393, at *4 (S.D. Miss. Jan. 6, 2012).

6

Plaintiff plainly alleged that Defendant force-placed insurance when Plaintiff had already obtained sufficient coverage. The deed of trust does not permit Defendant to do this. Therefore, to the extent Plaintiff alleges a breach of contract, Plaintiff has plead sufficient facts to survive a Rule 12(b)(6) motion.[18]

This Court agrees with the analysis in *Hutcherson*, and likewise holds that Plaintiff has alleged sufficient facts to establish a breach of contract claim and survive Defendant's Motion for Judgment on the Pleadings.

**B. Negligence**

Under Louisiana law, a successful negligence claim requires the proof of five elements: (1) the defendant had a duty to conform his conduct to a specific standard; (2) the defendant's conduct failed to conform to that standard; (3) the defendant's conduct was the cause-in-fact of the plaintiff's injuries; and (5) actual damages.[19]

Plaintiff's Complaint plausibly alleges a claim of negligence. The Complaint states that Defendant was negligent in mishandling Plaintiff's escrow account. Specifically, it alleges that Defendant failed to timely process Plaintiff's proof of insurance before it unnecessarily force-placed a wind and hail insurance policy, creating a negative balance in Plaintiff's escrow account that caused his timely monthly payments to be returned. The Complaint alleges that these acts of negligence ultimately caused Plaintiff to lose his residence, among other things.

---

[18] *Id.*

[19] *Perkins v. Entergy Corp.*, 782 So.2d 606, 611 (La. 2001).

Defendant cites many cases in support of its contention that it owes no tort duty to Plaintiff. These cases, however, are factually dissimilar and do no convince this Court that a duty can not be established in this case. Plaintiff does not, as Defendant purports, argue that Defendant had a duty to maintain or acquire insurance on the mortgaged property or that it had a duty to investigate Plaintiff's insurance coverage. While Plaintiff has not alleged with particularity what duty Defendant owed him, this Court cannot say that a duty could not be established through discovery. It is certainly plausible that a lender may owe a duty to properly administer a borrower's escrow account or to take proper action when a borrower sends proof of insurance coverage. "Whether a legal duty is owed by one party to another depends upon the facts and circumstances of the case and the relationship of the parties."[20]   Accordingly, this Court declines to resolve this issue in the absence of a fully developed record. Defendant's Motion to dismiss Plaintiff's negligence claim is denied.

---

[20] *Rangel v. Denny*, 104 So. 3d 68, 75 (La. Ct. App. 2 Cir. 2012).

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings is DENIED.

New Orleans, Louisiana, this 13th day of November, 2014.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

9